**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACK IN THE BOX, INC., a Delaware
corporation, AKA Foodmaker, Inc.,

        Plaintiff-Appellee,

v.

DEEPAK MEHTA, an individual; et al.,

        Defendants-Appellants.

No.   17-15336

D.C. No. 5:13-cv-04444-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted June 12, 2018[**]
San Francisco, California

Before: SILER,[***] PAEZ, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Kirin and Deepak Mehta appeal the district court's grant of summary judgment in favor of Jack in the Box on its breach of contract, trademark infringement, and unfair competition claims as well as on the Mehtas' counterclaims against Jack in the Box. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Taking the facts in the light most favorable to the Mehtas, *see Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017), there is no genuine issue of material fact regarding whether the parties entered into an oral modification of their contract. No reasonable juror could conclude from Kirin Mehta's testimony or Stephen Brigandi's letter to Bank of America that Jack in the Box intended to modify the franchise and lease agreements, rather than merely communicate its expectations for repayment. *See* Cal. Civ. Code § 1550. Nor could any reasonable juror conclude that Jack in the Box waived the franchise agreement's express provision that the agreement could be modified "only in writing, signed by both parties." *See Biren v. Equal. Emergency Med. Grp., Inc.*, 102 Cal. App. 4th 125, 141 (2002). Therefore, the district court did not err in granting summary judgment in favor of Jack in the Box on both its breach of contract claim and the Mehtas' breach of contract counterclaim.

The district court also did not err in granting summary judgment to Jack in the Box on the Mehtas' promissory estoppel counterclaim, given the Mehtas' failure to raise a triable issue regarding whether Jack in the Box had clearly and unambiguously promised to modify the franchise agreement. *See Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1044 (2010). Because the Mehtas base their trademark infringement and unfair competition claims on their theory that Jack in the Box had modified and extended the franchise agreement, we likewise affirm the grant of summary judgment to Jack in the Box on these claims.

We reject the Mehtas' claims regarding Jack in the Box's alleged accounting deficiencies. The record shows that Jack in the Box applied the Mehtas' $180,000 payment to the balance due on the 2012 Note, as allowed by the franchise agreements. Likewise, the record shows that the Mehtas' debt to Jack in the Box under the franchise agreement increased each month due to the accrual of monthly rent, royalty fees, and marketing payments. Accordingly, Jack in the Box did not err in demanding a larger amount in September 2013 than in August 2013. Because the Mehtas' debt had increased pursuant to the terms of the franchise agreement, the district court did not err in rejecting the Mehtas' counterclaim for negligent interference with contract and economic advantage.

Because the Mehtas were represented by counsel when they signed the General Release in 2012 and have not presented any evidence that the negotiations regarding the release were marked by coercion or grossly manipulative behavior, *see Starr v. Starr*, 189 Cal. App. 4th 277, 284 (2010), there is no genuine issue of material fact as to the release's enforceability.

Finally, because Jack in the Box had no obligation to give the Mehtas invoices or more time to cure the default, the district court did not err in granting summary judgment to Jack in the Box on the Mehtas' counterclaim for breach of the implied covenant of good faith and fair dealing. *See Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992).

**AFFIRMED.**